IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STADFORD R. JOHNSON,       ) | |
| ) | |
| Plaintiff,              ) | |
| ) | |
| vs.                                                          ) | CIVIL NO. 10-cv-113-DRH |
| ) | |
| WILLIE A. SCHOEN, et al.,             ) | |
| ) | |
| Defendants.         ) | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff Stadford Johnson, an inmate in the Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**DEFENDANT WILLIE A. SCHOEN**

On February 6, 2009, Johnson's brother visited him at prison. Johnson alleges that Schoen acted unprofessionally that day, imposing an inordinate delay in moving Johnson to the visitation room. Johnson states that Schoen kept him waiting in the foyer for over 30 minutes while Schoen ate and conversed with others in the visiting room. Schoen also moved "in slow motion" while processing Johnson in the shake-down room, taking a full 15 minutes for just a strip search. When Johnson complained about the delay, Schoen summoned a sergeant, ostensibly to consult about an item of contraband. The sergeant directed Schoen to complete the shake-down, which he did. Schoen later wrote a disciplinary ticket against Johnson, charging him with disobeying a direct order.

Essentially, Johnson alleges that he was subjected to unwarranted harassment from Schoen that day. Although the Court does not condone Schoen's behavior, Johnson does not have a constitutional right to efficient and rapid processing or exemplary professional behavior from correctional officers. Unfortunately for Johnson, general boorish behavior from officers is simply one of the realities of life in prison.

Johnson makes a vague allegation that the disciplinary ticket was issued in retaliation, but his theory of retaliation is not clear. It is clear that prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane,* 857 F.2d 1139 (7th Cir. 1988).

However, Johnson makes no allegation that he engaged in any protected First Amendment activity that provoked retaliatory action from Schoen. Thus, on the face of the complaint, he has failed to state a claim against Schoen, either for generalized harassment or for retaliation.[1]

**DEFENDANT CANDACE S. CHILDERS**

Johnson next asserts that Childers used unprofessional tactics in conducting the disciplinary hearing. Apparently she advised him to "keep this under the rug" and to "not say a word about this." Construing the complaint very broadly, the Court reads this as an allegation that Childers was not impartial, and thus he was deprived of proper due process.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Johnson provides no information regarding the outcome of the disciplinary proceeding; on the face of the complaint, it does not appear that he was deprived of any constitutionally protected interest. Thus, Johnson has failed to state a claim against Childers.

**DEFENDANT JOHN D. EVANS**

Johnson then alleges that Warden Evans has failed to respond to any of his grievances regarding staff misconduct. Moreover, he alleges that Johnson merely rubber-stamps his approval of all disciplinary proceedings, thus condoning the unprofessional conduct of his staff.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution

---

[1] At the end of his complaint, Johnson adds a final note stating that Schoen refused to give him a Bible on request during a visit with Johnson's mother. This vague allegation regarding one isolated incident does not support a constitutional claim that Schoen interfered with Johnson's right to free exercise of his religion.

requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Johnson has no protected liberty interest in receiving any response to his grievances or to an independent assessment of disciplinary proceedings by the warden. Thus, he has failed to state a claim against Evans.

### DISPOSITION

In summary, the complaint does not survive review under § 1915, and the actions relative to Defendants Schoen and Childers are **DISMISSED** without prejudice. Johnson is granted 30 days to amend his complaint to plead a proper cause of action against each Defendant if able. Johnson's motion to excuse requirements (Doc. 3) is now moot. As to the action against Defendant Evans, the matter is **DISMISSED** with prejudice. Johnson is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: August 31, 2010.**

/s/ DavidRHerndon
**CHIEF JUDGE
UNITED STATES DISTRICT COURT**