IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STADFORD R. JOHNSON, IDOC # N78111,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs.                                                                  ) | **CIVIL NO. 10-113-GPM** |
| ) | |
| **WILLIE A. SCHOEN, et al.,** ) | Appeal No. 10-3319 |
| ) | United States Court of Appeals for the |
| **Defendants.** ) | Seventh Circuit |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the mandate of the United States Court of Appeals for the Seventh Circuit in an appeal by Plaintiff Stadford R. Johnson (Doc. 15-1). Johnson, who is in the custody of the Director of the Illinois Department of Corrections ("IDOC") pursuant to the Illinois Sexually Dangerous Persons Act ("ISDPA"), 725 ILCS 205/0.01 *et seq.*, and who is confined currently at the Big Muddy Correctional Center ("Big Muddy"), brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. On October 6, 2010, the Clerk of Court docketed a notice of an appeal by Johnson from an order of this Court dismissing without prejudice Johnson's claims against Defendants Willie A. Schoen and Candace S. Childers and dismissing with prejudice Johnson's claims against Defendant John D. Evans. *See* Doc. 10. On November 17, 2010, the Seventh Circuit Court of Appeals dismissed Johnson's appeal for failure to pay the $455.00 appellate docketing fee and directed this Court to collect the unpaid appellate docketing fee using the mechanism set out in 28 U.S.C. § 1915. *See* Doc. 15, 15-1. On December 23, 2010, the Clerk of Court sent a written

request to the Trust Fund Officer at Big Muddy for a certified copy of Johnson's prison trust fund account statement for the six-month period immediately preceding the filing of Johnson's appeal. *See* Doc. 16. The Trust Fund Officer at Big Muddy has supplied the certified copy of Johnson's prison trust fund account statement as requested. *See* Doc. 18. Thus, the Court now calculates the initial partial payment that Johnson must make toward the $455.00 appellate docketing fee for his appeal in this case as follows.

Pursuant to 28 U.S.C. § 1915, a federal court may permit a "prisoner" who is indigent to bring a "suit, action or proceeding, civil or criminal, or appeal therein," without prepayment of fees. 28 U.S.C. § 1915(a)(1).[1] In the case of civil matters, an indigent prisoner seeking to proceed without prepayment of fees must furnish "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's appeal. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund

---

1. It perhaps is worth noting that, although Johnson is in IDOC custody pursuant to a civil commitment under the ISDPA, Johnson nonetheless is deemed a "prisoner" for purposes of 28 U.S.C. § 1915. *See Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

account to the clerk of the district court where the prisoner's case or an appeal therefrom is pending each time the amount in the account exceeds $10.00 until the applicable filing fee is paid in full. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for an appeal when the appeal is filed, and the obligation continues regardless of later developments in the appeal, such as denial of leave to proceed without prepayment of fees on appeal or dismissal of the prisoner's appeal. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

For purposes of calculating the average monthly balance in a prisoner's trust fund account for the six-month period preceding the filing of an action or appeal, 28 U.S.C. § 1915 does not specify whether a court should use opening monthly balances, daily balances, or closing monthly balances, and therefore the Court has elected more or less arbitrarily to use opening monthly balances, meaning the amount in Johnson's prison trust fund account on the first day of each of the six thirty-day periods preceding the filing of Johnson's appeal in this case, that is, April 6, 2010, to October 6, 2010. *See Pinkin v. Ayzenberg*, No. 98 C 5637, 1999 WL 410035, at *1 n.1 (N.D. Ill. May 27, 1999) (noting that, because Section 1915 is ambiguous as to whether opening monthly balances, daily balances, or closing monthly balances should be used to calculate a prisoner's initial partial filing fee, a court is free to use any one of the three possible balances or to rely solely upon average monthly deposits to a prisoner's trust fund account in calculating the fee). Relying upon the information contained in the certified copy of Johnson's prison trust fund account statement supplied to the Court by the Trust Fund Officer at Big Muddy, the Court finds that twenty percent of the average monthly deposits to Johnson's prison trust fund account for the six-month

period preceding the filing of Johnson's appeal in this case amounts to $6.67. On the other hand, twenty percent of the average monthly balance in Johnson's prison trust fund account for the six-month period immediately preceding the filing of Johnson's appeal in this case is $3.02. Accordingly, Johnson's initial partial payment toward the $455.00 appellate docketing fee for Johnson's appeal in this case is $6.67.

To conclude, it is hereby **ORDERED** that the Trust Fund Officer at Big Muddy shall deduct the sum of **$6.67** from Johnson's prison trust fund account and forward that sum to the Clerk of Court as Johnson's initial partial payment toward the $455.00 appellate docketing fee for his appeal in this case. After payment of the initial partial fee, the Trust Fund Officer at Big Muddy is authorized to collect monthly payments from Johnson's trust fund account in an amount equal to twenty percent of the preceding month's income credited to the account. Monthly payments collected from Johnson's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10.00 until the full $455.00 filing fee for Johnson's appeal is paid. All payments toward the $455.00 filing fee for Johnson's appeal shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois 62201. When payments are made, Johnson's name and the case number assigned to this case and to Johnson's appeal in this case shall be clearly identified. The Clerk of Court shall send a copy of this Order to Johnson and to the Trust Fund Officer at Big Muddy.

   **IT IS SO ORDERED.**

   DATED: January 25, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge