## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STADFORD R. JOHNSON, IDOC # N78111, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-113-GPM |
| ) | |
| WILLIE A. SCHOEN, et al., ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff Stadford R. Johnson, who is in the custody of the Director of the Illinois Department of Corrections pursuant to the Illinois Sexually Dangerous Persons Act, 725 ILCS 205/0.01 *et seq*., and who is confined currently at the Big Muddy Correctional Center, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. On August 31, 2010, Chief United States District Judge David R. Herndon, who then was presiding over this case, after screening Johnson's complaint in this case pursuant to 28 U.S.C. § 1915A, entered an order finding that Johnson's complaint failed to state a claim upon which relief may be granted. *See* Doc. 8 at 2-4. Accordingly, Chief District Judge Herndon dismissed without prejudice Johnson's claims against Defendants Willie A. Schoen and Candace S. Childers, and dismissed with prejudice Johnson's claims against Defendant John D. Evans. *See id*. at 4. In the August 31 order Chief District Judge Herndon advised Johnson that the dismissal of this case would count as a "strike" for purposes of 28 U.S.C. § 1915(g), prohibiting a prisoner litigant who has had three or more cases against a governmental entity or

officer or employee of such an entity from proceeding in forma pauperis in federal court unless the prisoner is under imminent danger of serious physical injury. *See id*. Additionally, Chief District Judge Herndon granted Johnson thirty days from the date of entry of the order to amend his complaint to attempt to state a claim upon which relief may be granted against Schoen and Childers, if he could. *See id*. Johnson did not amend his complaint and instead on October 6, 2010, the Clerk of Court docketed a notice of an appeal by Johnson from the August 31 order. *See* Doc. 10. On November 17, 2010, the United States Court of Appeals for the Seventh Circuit dismissed Johnson's appeal for failure to pay the appellate docketing fee and issued its appellate mandate the same day. *See* Doc. 15, 15-1. On January 3, 2011, this case was reassigned to the undersigned United States District Judge. To date Johnson has never amended his complaint, and his time for doing so now is long past.

Typically when a court dismisses a case without prejudice subject to the condition that a plaintiff must perform a certain action, such as filing an amended complaint, within a specified time, then upon the plaintiff's failure to perform that action the dismissal ripens into a dismissal with prejudice. As the Seventh Circuit Court of Appeals has instructed, if a dismissal of a case is conditional, so that "the potential for satisfying the condition renders the dismissal one without prejudice," at such time as "the condition is no longer satisfiable, the dismissal becomes one with prejudice[.]" *Otis v. City of Chicago*, 29 F.3d 1159, 1164 (7th Cir. 1994) (citing *Harris v. Milwaukee County Circuit Court*, 886 F.2d 982 (7th Cir. 1989)). *See also McDonald v. Household Int'l, Inc*., 425 F.3d 424, 426-27 (7th Cir. 2005) (where the district court dismissed a complaint, but with leave to file an amended complaint within thirty days, upon the plaintiff's failure to file an amended complaint within the allotted time the dismissal was, for all practical purposes, a dismissal

with prejudice); *Murphy v. Walker*, 51 F.3d 714, 717 n.3 (7th Cir. 1995) (noting that, where a district court converted a dismissal with prejudice into a dismissal without prejudice subject to the condition that the plaintiff must file an amended complaint within three weeks, upon the plaintiff's failure to file an amended complaint the dismissal once again became with prejudice).  Also, "where a plaintiff prosecutes an appeal from an order of dismissal of the complaint, he thereby elect[s] to stand on the complaint and waive[s] any right to request leave to amend" the complaint.  *National Van Lines, Inc. v. United States*, 326 F.2d 362, 366 (7th Cir. 1964) (quoting *Wallingford v. Zenith Radio Corp.*, 310 F.2d 693, 696 (7th Cir. 1962)).  *See also Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 977 (9th Cir. 2008) (refusing to allow a plaintiff to amend its complaint where the plaintiff chose to appeal an adverse decision rather than amend); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260-61 (11th Cir. 2006) ("By filing an appeal . . . DeKalb elected to stand on its Second Amended Complaint and waived its right to further amendment."); *University Club v. City of N.Y.*, 842 F.2d 37, 39 (2d Cir. 1988) ("The district court . . . allowed the plaintiffs here 'leave to replead a selective prosecution claim if a meaningful one can be asserted.'  That opportunity was, of course, waived by [the plaintiffs'] decision to appeal rather than amend their complaint.") (internal citation omitted).  In light of Johnson's failure to amend his complaint within the time allotted to him in the Court's dismissal order entered August 31, 2010, and his election to try to appeal from the dismissal order instead of amending his complaint, the Court concludes that this case is due to be dismissed with prejudice in its entirety.[1]

_____

1.    The Court notes that a dismissal of this case, including the claims the Court previously dismissed without prejudice, with prejudice has no effect on whether the earlier dismissal of the case counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and of Johnson's ability to proceed in forma pauperis in federal court in the future.  A dismissal without prejudice counts as a strike, so long as the dismissal is because a complaint or a portion of a complaint is frivolous, malicious, or fails to

To conclude, it is hereby **ORDERED** that this action, including Johnson's claims against Defendants Schoen and Childers, is **DISMISSED with prejudice**.  As Johnson was advised in the Court's order entered August 31, 2010, dismissing this case, the dismissal of this case counts as one of Johnson's three allotted "strikes" under 28 U.S.C. § 1915(g).  The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  January 26, 2011

/s/ G. Patrick Murphy_____
G. PATRICK MURPHY
United States District Judge

_____

state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915A(b)(1).  *See Coffey v. Reynolds*, Civil No. 10-cv-031-MJR, 2010 WL 2901764, at *1 n.1 (S.D. Ill. July 22, 2010) (collecting cases); *Johnson v. Delgado*, Civil No. 09-cv-420-MJR, 2010 WL 2367389, at *4 (S.D. Ill. June 11, 2010).